**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-5002**

─────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

TERRENCE SMITH,

    Defendant – Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge. (1:05-cr-00061-JFM-6)

─────────

Submitted:  September 9, 2009  Decided:  September 18, 2009

─────────

Before TRAXLER, Chief Judge, and KING and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas J. Saunders, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, A. David Copperthite, Kwame J. Manley, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously affirmed Terrence Smith's convictions for several crimes related to the firebombing of Edna McAbier's home but vacated his 960-month sentence and remanded for resentencing. United States v. Harris, 498 F.3d 278, 281 (4th Cir. 2007). On remand, the district court again sentenced Smith to 960 months in prison. Smith now appeals, raising four issues. We affirm.

I

According to Smith's presentence report (PSR), Counts One, Two, Three and Six (conspiracy to commit witness tampering, two counts of witness tampering, and making firearms, respectively), were grouped. See U.S. Sentencing Guidelines Manual § 3D1.2(b) (2007). Because the object of the offense would have constituted first degree murder, the cross-reference for assault with intent to commit murder was applied, for a base offense level of 33. See USSG §§ 2A2.1(a)(1), 2X1.1(a), 2K2.1. There were no adjustments, and Smith's total offense level for these offenses was 33. His criminal history category was VI, and his advisory Guidelines range for the group was 235-293 months.

With respect to Count Four (use of firearms in a crime of violence), Smith was statutorily subject to a mandatory minimum consecutive term of thirty years because the firearm

2

used was a destructive device. See 18 U.S.C. §§ 924(c)(1)(B)(ii), 924(c)(1)(D)(ii) (2006). Under the applicable guideline, Smith's guideline sentence was the minimum term of imprisonment absent any Chapter Three or Four reductions or enhancements. USSG § 2K2.4(4)(b). Because he had a conviction other than for the § 924(c) offense, and because he qualified as a career offender, USSG § 4B1.1(a), his advisory Guidelines range for this count was determined by adding the minimum consecutive penalty (30 years or 360 months) to the minimum and maximum of the range (235-293 months) for the group above. As a result, the advisory Guidelines range for Counts One, Two, Three, Four, and Six was 595-653 months.

Smith was statutorily subject to a mandatory consecutive minimum term of ten years for Count Five (using fire and explosives in a felony). See 18 U.S.C. § 844(h) (2006). His guideline range was the term of imprisonment required by statute, less any Chapter Three or Four reductions or enhancements. See USSG § 2K2.4(a). Adding this ten-year (120-month) term to the range calculated above, Smith's total advisory Guidelines range was 715-773 months. United States v. Harris, 498 F.3d at 293-94.

After hearing from counsel and Smith at resentencing, the district court again imposed a 960-month sentence. In imposing sentence, the court addressed each of the 18 U.S.C.

3

§ 3553(a) (2006) sentencing factors. The court commented that McAbier was an innocent citizen and community leader who promoted respect for the law. Had she been killed during the firebombing of her home, her murder would have been "horrendous." Smith's crimes, the district court found, were "beyond what civilized society will accept." Smith was a dangerous person from whom the public should be protected and who should never be released from prison. The court concluded that a sentence within the advisory Guidelines range was insufficient to achieve the sentencing goals but that a 960-month sentence would serve them instead.

II

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Id. We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the

4

totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports 'the degree of the variance.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (quoting Gall, 128 S. Ct. at 597).

## III

Smith contends that he was improperly found to be a career offender. Under the applicable guideline:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). According to the PSR, Smith had the requisite two previous felony convictions (for second degree assault and possession with intent to distribute cocaine), and he otherwise qualified as a career offender. Smith contends that, because the two convictions were disposed of at one time, they should have been treated as one sentence under USSG § 4A1.2(a)(2), and he accordingly had only one qualifying felony for career offender purposes.

The relevant guideline provides, "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." USSG § 4A1.2(a)(2). The PSR discloses that Smith was arrested on February 28, 1997, after he assaulted a bus driver. He was arrested on July 23, 1997, after he was observed selling crack cocaine. Smith was sentenced on April 15, 1999, for these offenses. Because the two offenses were separated by the intervening arrest for the assault, it is irrelevant that they were consolidated for sentencing. Smith qualified as a career offender.

IV

The district court applied the cross-reference for assault with intent to commit murder to the grouped offenses. See USSG § 2A2.1(a)(1). The court found as a fact that the act of hurling six Molotov cocktails at McAbier's home--three at her front door; three at the back door--revealed a clear intent to block her escape from her burning home, and thereby to murder her. Smith contends that, because McAbier was not injured, the cross-reference for aggravated assault, USSG § 2A2.2, or minor assault, USSG § 2A2.3, should have applied instead. We conclude that the district court's findings supporting application of the cross-reference for assault with intent to commit murder are not

6

clearly erroneous, and they will not be disturbed on appeal. See United States v. Crump, 120 F.3d 462, 467-68 (4th Cir. 1997).

V

Although Smith recognizes that 18 U.S.C. §§ 924(c)(1)(D)(ii) and 844(h) specifically require the imposition of consecutive sentences, he argues that, after United States v. Booker, 543 U.S. 220 (2005), sentencing courts may ignore mandatory statutory language. Contrary to Smith's assertion, "Booker did nothing to alter the rule that judges cannot depart below a statutorily required minimum sentence. . . . [A] district judge has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (emphasis in original).

VI

Smith's final contention is that his 960-month variance sentence is unreasonable and that he should have been sentenced within his advisory Guidelines range. We conclude after carefully reviewing the record that the district court committed no "significant procedural error." See Gall, 128 S. Ct. at 597. Further, based on the totality of the

7

circumstances, and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," see id., we are convinced that the sentence is substantively reasonable.

## VII

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED